UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW IAN FARMER<br>THOMAS GALEN MASSEY | CRIMINAL NO. H-16-408 |

**PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF**
**PERSONAL IDENTITY INFORMATION**

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable person identity information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Crim. P. 16(d) and with the consent of the parties, ORDERED:

**1.     Production of Personal Identity Information by the United States That May Be Subject to the Privacy Act, 5 U.S.C. § 552a, or to 42 U.S.C. § 1306, or Other Privacy Protections.**

The United States may produce certain personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure to defendant, pursuant to defendant's discovery requests.  The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a or to the provisions of 42 U.S.C. § 1306.  The United States shall produce these documents unredacted to the Defense counsel consenting to this ORDER.  Upon producing these documents, the United States shall designate them as "confidential" in the manner set forth in paragraph 2, below.

The defendant, including defendant's counsel and those persons assisting them, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation.  Defendant shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.

Within 90 days of the final conclusion of this litigation, through and including the final conclusion of a direct appeal, the defendant shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to the attorney for the United States, or shall destroy them and certify in writing to the attorney for the United States that the documents have been destroyed.  If any documents designated as confidential are used as defense exhibits, defense counsel shall identify these documents, which shall be maintained with government exhibits so long as those are required to be maintained.

### 2.    Designation of Material Subject to this Protective Order.

To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER".

### 3.    Confidential Personal Identity Information in Open Court.

The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove personally identifiable

information, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the personally identifiable information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all personally identifiable information has been redacted in accordance with Rule 49.1 of the Federal Rules of Criminal Procedure and other applicable laws. No party shall disclose designated confidential documents in open court without prior consideration by the Court.

**4.     Filing of documents.**

Any party who wishes to file with the Court any document or information that is covered by this Order must file the document under seal, or redact all personally identifiable information from the document. The Clerk shall accept for filing under seal any documents so marked by the parties pursuant to the above paragraphs.

**5.     Modification Permitted.**

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

**6.     No Waiver.**

The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

**7.     No Ruling on Discoverability or Admissibility**

This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and it does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

**8.    Addition of Defendants after Entry of Order**

This Order will cover additional Defendants in this case so long as they agree to be bound by the terms of this Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Order.

SO ORDERED this _____ day of October, 2016.

_____
Vanessa D. Gilmore
United States District Judge