```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


UNITED STATES OF AMERICA       )
                               )           NO. H-16-CR-408-2
v.                             )
                               )           April 18, 2017
THOMAS GALEN MASSEY            )




                           REARRAIGNMENT
               BEFORE THE HONORABLE VANESSA D. GILMORE




  For the Government:          Justin R. Martin, AUSA
                               U. S. Attorney's Office
                               1000 Louisiana, Suite 2300
                               Houston, TX 77002

  For the Defendant:           Mike DeGeurin, Sr.
                               Foreman, DeGeurin & DeGeurin
                               300 Main Street, Third Floor
                               Houston, TX 77002

  Court Reporter:              Bruce Slavin, RPR, CMR






  Proceedings reported by mechanical stenography and produced
  by computer-aided transcription.
```

10:03

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | THE COURT:  All right.  The United States of                 |
|       | 2  | America v. Thomas Massey.                                    |
|       | 3  | For the United States, please.                               |
|       | 4  | MR. MARTIN:  Justin Martin.                                  |
| 10:04 | 5  | THE COURT:  Mr. Martin.                                      |
|       | 6  | For Mr. Massey, please.                                      |
|       | 7  | MR. DeGEURIN:  Mike DeGuerin for Mr. Massey.                 |
|       | 8  | THE COURT:  Okay.                                            |
|       | 9  | MR. DeGEURIN:  Your Honor, Mr. Massey has just               |
| 10:04 | 10 | walked in.  He was driving in in the rain and --             |
|       | 11 | THE COURT:  Do you want to go dry off?  It was a             |
|       | 12 | rough day, wasn't it?                                        |
|       | 13 | MR. DeGEURIN:  I was wondering if we could have              |
|       | 14 | about five or ten minutes where I can bring him up to date   |
| 10:05 | 15 | on what he's doing this morning.  He knows what he's doing.  |
|       | 16 | THE COURT:  Okay. Y'all want a break?  Sure.                 |
|       | 17 | Sure.  Sure.                                                 |
|       | 18 | MR. DeGEURIN:  Thank you.                                    |
|       | 19 | (Brief recess)                                               |
| 10:15 | 20 | THE COURT:  Are you ready to go?                             |
|       | 21 | MR. DeGEURIN:  Yes, Your Honor.                              |
|       | 22 | THE COURT:  The United States of America v. Thomas           |
|       | 23 | Massey.                                                      |
|       | 24 | Mr. Massey, I understand you wish to enter a                 |
| 10:16 | 25 | plea of "guilty" in the case that's now pending against you  |

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | in this court.  Is that correct, sir?                                |
|       | 2  | THE DEFENDANT:  Yes, ma'am.                                          |
|       | 3  | THE COURT:  Before I take your plea I need to ask                    |
|       | 4  | you some questions under oath.  Raise your right hand to be          |
| 10:16 | 5  | sworn, please.                                                       |
|       | 6  | (Defendant sworn)                                                    |
|       | 7  | THE COURT:  Do you understand, sir, that you're now                  |
|       | 8  | under oath and that if you answer any of my questions                |
|       | 9  | falsely that your answers can be used against you in another         |
| 10:17 | 10 | prosecution for perjury - that is, for telling a false               |
|       | 11 | statement?                                                           |
|       | 12 | THE DEFENDANT:  Yes, ma'am.                                          |
|       | 13 | THE COURT:  State your full name, please.                            |
|       | 14 | THE DEFENDANT:  Thomas Galen Massey.                                 |
| 10:17 | 15 | THE COURT:  How old are you?                                         |
|       | 16 | THE DEFENDANT:  46.                                                  |
|       | 17 | THE COURT:  What is it?  The guys always have                        |
|       | 18 | trouble remembering their age.  I thought that was a girl            |
|       | 19 | thing.                                                               |
| 10:17 | 20 | THE DEFENDANT:  It's a right.  I go by "1970".  I                    |
|       | 21 | can be 47, but it would have to wait till August.                    |
|       | 22 | THE COURT:  Okay.  We're just like flat out lying                    |
|       | 23 | about our ages, so --                                                |
|       | 24 | THE DEFENDANT:  I'm not going to perjure myself.                     |
| 10:17 | 25 | THE COURT:  [Laughs]  How far did you go in school?                  |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | THE DEFENDANT: Some college.                                 |
|       | 2  | THE COURT: Okay. And you can read and write the              |
|       | 3  | English language. Is that correct, sir?                      |
|       | 4  | THE DEFENDANT: Yes, ma'am.                                   |
| 10:17 | 5  | THE COURT: All right. Have you ever been treated             |
|       | 6  | for any mental illness or addiction to narcotic drugs of any |
|       | 7  | kind?                                                        |
|       | 8  | THE DEFENDANT: No, ma'am.                                    |
|       | 9  | THE COURT: Are you currently under the influence             |
| 10:17 | 10 | of any medication or alcoholic beverage or narcotic drug of  |
|       | 11 | any kind?                                                    |
|       | 12 | THE DEFENDANT: No, ma'am.                                    |
|       | 13 | THE COURT: Have you received a copy of the                   |
|       | 14 | information - that is, the charges that are filed against    |
| 10:18 | 15 | you in this case?                                            |
|       | 16 | THE DEFENDANT: Yes, ma'am.                                   |
|       | 17 | THE COURT: Do you understand that you have a right           |
|       | 18 | to be indicted by a grand jury concerning the matter that's  |
|       | 19 | before this court on an information?                         |
| 10:18 | 20 | THE DEFENDANT: Yes, ma'am.                                   |
|       | 21 | THE COURT: Do you understand that by pleading to             |
|       | 22 | the information that you're waiving your right to be         |
|       | 23 | indicted?                                                    |
|       | 24 | THE DEFENDANT: Yes, ma'am.                                   |
| 10:18 | 25 | THE COURT: And did you sign a waiver -- Yes, you             |

1  did.  You signed a waiver of your right to be indicted.  Is
2  that correct, sir?
3          THE DEFENDANT:  Yes, ma'am.
4          THE COURT:  All right.  Did you get a chance to go
10:18  5  over all of the charges pending against you in this case
6  with your lawyer, Mr. DeGuerin?
7          THE DEFENDANT:  Yes, ma'am.
8          THE COURT:  Are you satisfied with the counsel and
9  representation that your lawyer has provided to you?
10:18  10          THE DEFENDANT:  Yes, ma'am.
11          THE COURT:  Do you need any additional time to
12  speak with your lawyer this morning before I take your plea?
13          THE DEFENDANT:  No, ma'am.
14          THE COURT:  All right.  Mr. DeGuerin, have you had
10:18  15  sufficient time to investigate the law and the facts against
16  your client before this court?
17          MR. DeGEURIN:  I have, Your Honor.
18          THE COURT:  And do you believe that he understands
19  the nature of the charges pending against him?
10:19  20          MR. DeGEURIN:  Yes, Your Honor.
21          THE COURT:  Do you believe that he's competent to
22  enter a plea of "guilty"?
23          MR. DeGEURIN:  I do.
24          THE COURT:  Do you know of any reason why he should
10:19  25  not plead "guilty" or of any meritorious defenses that he

1 might have?

2     MR. DeGEURIN: No, Your Honor.

3     THE COURT: Is there any plea agreement in this

4 case, Mr. Martin?

10:19   5     MR. MARTIN: Yes, Your Honor.

6     THE COURT: Would you state under what section of

7 Rule 11 you have filed that plea agreement.

8     MR. MARTIN: Section 11(c)(1)(B).

9     THE COURT: (B) only? Okay. Would you state for

10:19   10 the record the terms of that plea agreement.

11     MR. MARTIN: The Defendant agrees to plead "guilty"

12 to Count 1 of the information.

13     The plea agreement includes a cooperation

14 agreement.

10:19   15     The Defendant also waives his right to appeal

16 or to collaterally attack his conviction or sentence.

17     If the Defendant clearly demonstrates

18 acceptance of responsibility, the United States agrees to

19 not oppose a third level reduction for acceptance of

10:19   20 responsibility. The United States agrees that the evidence

21 does not warrant an aggravated role adjustment against the

22 Defendant under Guideline 3B1.1. The United States would

23 recommend a sentence at the lower end of the guideline

24 range.

10:20   25     The United States will dismiss the remaining

1  counts of the indictment against the Defendant at the time
2  of sentencing.
3              And the parties agree to forfeiture and
4  restitution of up to $1,003,200.00.
10:20  5              THE COURT:  Mr. Massey, are those the terms of your
6  plea agreement with the government as you understand them?
7              THE DEFENDANT:  Yes, ma'am.
8              THE COURT:  Has anybody made any different promise
9  or assurance to you of any kind to induce you to enter into
10:20 10 this plea agreement?
11             THE DEFENDANT:  No, ma'am.
12             THE COURT:  Anybody try to force you to plead
13 "guilty"?
14             THE DEFENDANT:  No, Your Honor.
10:20 15             THE COURT:  Do you understand that the terms of the
16 plea agreement are merely recommendations to the Court and
17 that I can reject those recommendations without permitting
18 you to withdraw your plea of "guilty" and impose a sentence
19 that might be more severe than you anticipated?
10:20 20             THE DEFENDANT:  Yes, ma'am.
21             THE COURT:  Do you understand that the offense to
22 which you have indicated you wish to plead "guilty" is a
23 felony offense and that, if your plea is accepted, you will
24 be adjudged guilty of that offense, and that adjudication
10:21 25 could deprive you of valuable civil rights, such as the

|  |  |  |
|---|---|---|
|  | 1 | right to vote, the right to hold public office, the right to |
|  | 2 | serve on a jury or the right to possess a firearm of any |
|  | 3 | kind? |
|  | 4 | THE DEFENDANT:  Yes, ma'am. |
| 10:21 | 5 | THE COURT:  The maximum possible penalty provided |
|  | 6 | by law for the crime to which you have indicated you wish to |
|  | 7 | plead "guilty" is imprisonment for up to five years and a |
|  | 8 | fine of up to $250,000.  Do you understand, sir? |
|  | 9 | THE DEFENDANT:  Yes, ma'am. |
| 10:21 | 10 | THE COURT:  Do you understand that the Court can |
|  | 11 | also impose a period of supervised release following any |
|  | 12 | term of imprisonment of up to three years, and if you |
|  | 13 | violate any of the terms or conditions of supervised release |
|  | 14 | that might be imposed as part of your sentence that you |
| 10:21 | 15 | could be imprisoned for up to two years without credit for |
|  | 16 | any time you may have already served before that violation |
|  | 17 | occurred? |
|  | 18 | THE DEFENDANT:  Yes, ma'am. |
|  | 19 | THE COURT:  Do you understand that you cannot be |
| 10:21 | 20 | placed on probation or have the imposition or execution of |
|  | 21 | your sentence suspended and that you are not eligible for |
|  | 22 | parole? |
|  | 23 | THE DEFENDANT:  Yes, ma'am. |
|  | 24 | THE COURT:  Do you understand for each offense you |
| 10:22 | 25 | must pay a special assessment of $100?  In this case that |

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
|       | 1  | would be $100 for the one count of conviction.                       |
|       | 2  | THE DEFENDANT:  Yes, ma'am.                                          |
|       | 3  | THE COURT:  The Sentencing Commission has issued                     |
|       | 4  | advisory guidelines for judges to help us determine the              |
| 10:22 | 5  | appropriate sentence in a criminal case.  Have you talked to         |
|       | 6  | your lawyer about how the sentencing guidelines might work           |
|       | 7  | in your case?                                                        |
|       | 8  | THE DEFENDANT:  Yes, ma'am.                                          |
|       | 9  | THE COURT:  Do you understand that I won't be able                   |
| 10:22 | 10 | to determine the appropriate sentence for your case until            |
|       | 11 | after a presentence investigation report has been prepared           |
|       | 12 | and you and your lawyer and the lawyer for the United States         |
|       | 13 | have a chance to review that report and make any objections          |
|       | 14 | to that report that you might want to make?                          |
| 10:22 | 15 | THE DEFENDANT:  Yes, ma'am.                                          |
|       | 16 | THE COURT:  Do you understand that the sentence                      |
|       | 17 | that I impose might be different from any estimate that your         |
|       | 18 | lawyer might have given you?                                         |
|       | 19 | THE DEFENDANT:  Yes, ma'am.                                          |
| 10:22 | 20 | THE COURT:  Do you understand that after it has                      |
|       | 21 | been determined what guideline applies in the case that I            |
|       | 22 | have the authority to impose a sentence that is more severe          |
|       | 23 | or less severe than what's called for under the guidelines?          |
|       | 24 | THE DEFENDANT:  Yes, ma'am.                                          |
| 10:22 | 25 | THE COURT:  Do you understand that by entering into                  |

1    this plea agreement and entering a plea of "guilty" that you
2    will have waived or given up your right to appeal all or any
3    part of your sentence?
4              THE DEFENDANT: Yes, ma'am.
10:23  5         THE COURT: Do you understand that parole has been
6    abolished in the federal system and that if you are
7    sentenced to prison you will not be released on parole?
8              THE DEFENDANT: Yes, ma'am.
9              THE COURT: Do you understand if I do not accept
10:23  10   the sentencing recommendation in your plea agreement that
11   you will still be bound by your plea and you will have no
12   right to withdraw it?
13             THE DEFENDANT: Yes, ma'am.
14             THE COURT: Do you understand you have the right to
10:23  15   plead "not guilty" to the offense charged against you and to
16   persist in that plea; and, if you did so, you would have the
17   right to a trial by jury, and at that trial you would be
18   presumed to be innocent and the government would have to
19   prove your guilt beyond a reasonable doubt; and you would
10:23  20   have the right to the assistance of counsel for your defense
21   and the right to see and hear all witnesses and have them
22   cross-examined in your defense; and the right on your own
23   part to decline to testify, unless you voluntarily elected
24   to do so in your own defense, and the right to the issuance
10:23  25   of subpoenas and other compulsory process to compel the

|   |   |   |
|---|---|---|
|        | 1  | attendance of witnesses to testify in your defense, and |
|        | 2  | that, if you decided not to testify or put on any evidence |
|        | 3  | at all, that that fact could not be used against you in |
|        | 4  | trial? |
| 10:24  | 5  | THE DEFENDANT: Yes, ma'am. |
|        | 6  | THE COURT: Do you understand that by entering a |
|        | 7  | plea of "guilty", if that plea is accepted by this court, |
|        | 8  | that there will be no trial by jury and you will have |
|        | 9  | waived, or given up, the right to trial by jury and all of |
| 10:24  | 10 | the other rights associated with a trial by jury that I |
|        | 11 | described to you? |
|        | 12 | THE DEFENDANT: Yes, ma'am. |
|        | 13 | THE COURT: The charge to which you have indicated |
|        | 14 | you wish to plead "guilty" is under Count 1 of the |
| 10:24  | 15 | information, conspiracy to commit wire fraud, the elements |
|        | 16 | of which are that you and one other person made an agreement |
|        | 17 | to commit the crime of wire fraud, that you knew of the |
|        | 18 | unlawful purpose of the agreement and joined in it willy - |
|        | 19 | that is, with the intent to further the unlawful purpose - |
| 10:24  | 20 | and that one of conspirators during the existence of the |
|        | 21 | conspiracy knowing committed at least one of the overt acts |
|        | 22 | described in the indictment - in this case wire fraud - the |
|        | 23 | elements of which are that you knowing devised or intended |
|        | 24 | to devise a scheme to defraud; that the scheme to defraud |
| 10:24  | 25 | included false material representations, pretenses or |

1 promises; and that you transmitted or caused to be
2 transmitted by wire communications in interstate or foreign
3 commerce any writing for the purpose of executing such
4 scheme; and that you acted with the specific intent to
5 defraud.
6     Do you understand what the government is
7 claiming that you have done to violate the law in this case?
8     THE DEFENDANT: Yes, ma'am.
9     THE COURT: And did you commit this crime, sir?
10     THE DEFENDANT: Yes, ma'am.
11     THE COURT: All right. Mr. Martin, would you
12 please make a representation concerning the facts that the
13 government would be prepared to prove if this case were to
14 proceed to trial.
15     MR. MARTIN: Yes, Your Honor.
16     From May, 2011, to December, 2012, the
17 Defendant Thomas Galen Massey conspired with Andrew Ian
18 Farmer and others to perpetrate a securities fraud scheme to
19 defraud investors of a substantial amount of money by
20 publishing false statements about a company called "Chimera
21 Energy Corporation" in order to fraudulently inflate the
22 price of its stock, and this occurred in the Southern
23 District of Texas and elsewhere. Farmer and his associates
24 then defrauded investors by selling their shares of Chimera
25 stock to the public at the fraudulently inflated prices.

1  This type of scheme is commonly referred to as a "pump and
2  dump scheme".
3  In order to carry out the scheme Massey,
4  Farmer and their co-conspirators used e-mails to communicate
5  distributed false press releases and made interstate wire
6  money transfers in furtherance of the offense.
7  On August 5th, 2011, Chimera was incorporated,
8  and from December of 2011 to January, 2012, Chimera
9  conducted an initial public offering where Farmer and his
10 associates recruited individuals to act as straw investors
11 in the Chimera IPO in order to make it appear that ownership
12 of the freely tradable shares of Chimera stock was not
13 concentrated in one person or a group of people when, in
14 truth and fact, Farmer and his associates had de facto
15 control of the freely tradable shares of Chimera stock
16 through the straw investors.
17 On April 10th, 2012, the organization known as
18 "FINRA" cleared Pennaluna's Form 211 application which
19 allowed them to publish quotations of Chimera stock.
20 Then from March, 2012, to May, 2012, 28 of the
21 29 straw investors transferred all of their shares of
22 Chimera stock to entities that were controlled by Farmer and
23 his associates.  The only straw investors that did not sell
24 their shares at this time was Farmer's wife.
25 Beginning in July, 2012, Farmer, Massey and

1    their associates orchestrated a false promotional campaign
2    designed to fraudulently inflate the price of Chimera stock.
3                      On July 27, 2012, Farmer caused the filing of
4    a Form 8-K with the SEC in which Chimera announced that it
5    had entered into a licensing agreement with China Inland Oil
6    Exploration Company, which purportedly granted Chimera an
7    exclusive license to develop and commercialize China
8    Inland's cutting-edge technologies related to non-hydraulic
9    extraction, otherwise known as "NHE".  Chimera's purported
10   agreement with China Inland was a sham designed to mislead
11   investors and Chimera did not have the NHE technology that
12   Farmer, Massey and their associates claimed it had.
13                     Over the next several months Farmer, Massy and
14   their associates caused Chimera to issue approximately 34
15   press releases and three additional Forms 8-K that
16   publicized and promoted Chimera's purported licensing and
17   development of the nonexistent NHE technology.
18                     The Defendant Massey's role in the conspiracy
19   was to obtain documentary support for the false press
20   releases being published about Chimera and to provide the
21   false press releases to the Chimera CEO for his approval
22   prior to their release.
23                     Massey also recruited an individual to be a
24   paid consultant for Chimera who had previously worked for
25   Petroleos Mexicanos, an oil and gas exploration company

1 owned by the Mexican government, and the plea agreement
2 details several of the false press releases that were
3 issued.
4 At the time Massey assisted in issuing these
5 press releases, Massey knew that Farmer, his associates and
6 Chimera did got have the NHE technology they purported to
7 have.  Also, Massey knew that Chimera was a scheme intended
8 to defraud investors.
9 While these false statements were being
10 published Farmer and his associates funded a false
11 advertising campaign for Chimera stock.  The false
12 advertising campaign caused the price of Chimera stock to
13 increase dramatically and Farmer and his associates began to
14 sell their Chimera stock to the public for their benefit.
15 From June, 2012, to November, 2012, Farmer and
16 his associates sold approximately $9,852,468 shares of
17 Chimera stock for total gross proceeds of $6,841,923.01.
18 In furtherance of the offense, Massey
19 transmitted and caused to be transmitted by means of wire
20 communication and interstate or foreign commerce writings
21 and signals for the purpose of executing the scheme and
22 artifice to defraud.
23 Moreover, at least one conspirator did at
24 least one overt act to effect the object of the conspiracy.
25 THE COURT:  All right.  Mr. Massey, you have heard

1  the facts that the government has indicated it would be
2  prepared to prove against you if this case were to proceed
3  to trial.  Having heard those facts, sir, how do you now
4  plead to the charge pending against you?  Guilty or not
5  guilty, sir?
6          THE DEFENDANT:  Guilty.
7          THE COURT:  Are you ready to sign the plea
8  agreement under oath at this time, sir?
9          THE DEFENDANT:  Yes, ma'am.
10               (Plea agreement executed)
11         CASE MANAGER:  Raise your right hand, sir.
12             Do you solemnly swear that you have read and
13 understand your plea agreement and that you willingly sign
14 the plea agreement at this time; so, help you God?
15         THE DEFENDANT:  Yes.
16         CASE MANAGER:  Thank you.
17         THE COURT:  Then, it is the finding of the Court in
18 the case of the United States of America v. Thomas Massey
19 that the Defendant is fully competent and capable of
20 entering an informed plea, the Defendant is aware of the
21 nature of the charges and the consequences of his plea, that
22 his plea of "guilty" is a knowing and voluntary plea
23 supported by an independent basis in fact containing each of
24 the essential elements of the offense.  His plea is,
25 therefore, accepted and the Defendant is now adjudged guilty

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | of the offense charged in Count 1 of the information.         |
|       | 2  | The Court orders that a presentence report be                 |
|       | 3  | prepared.  By May 23, 2017, the initial report should be      |
|       | 4  | disclosed to counsel.  By June 6, 2017, counsel should        |
| 10:32 | 5  | object in writing or state that there is no objection.  By   |
|       | 6  | June 20th, 2017, the probation officer should submit to the  |
|       | 7  | Court a final presentence report with an addendum addressing |
|       | 8  | any contested issues.  Sentencing is set for June 26, 2017,  |
|       | 9  | at 9:30 a.m.                                                  |
| 10:33 | 10 | The Defendant is on bond, fifty-thousand-                    |
|       | 11 | dollar unsecured bond.  Does the United States have any      |
|       | 12 | objection to the Defendant remaining on bonding pending      |
|       | 13 | sentencing?                                                   |
|       | 14 | MR. MARTIN:  No objections.                                   |
| 10:33 | 15 | THE COURT:  Mr. Massey, have you had any new law             |
|       | 16 | violations since you have been on bond?                       |
|       | 17 | THE DEFENDANT:  I have received a ticket for                  |
|       | 18 | running a red light.                                          |
|       | 19 | THE COURT:  Okay.  Did you pay it?                            |
| 10:33 | 20 | THE DEFENDANT:  Yes, ma'am.                                   |
|       | 21 | THE COURT:  All right.  Other than that, have you            |
|       | 22 | missed any appointments with your pretrial officer?           |
|       | 23 | THE DEFENDANT:  I don't believe I have.                       |
|       | 24 | THE COURT:  I am looking from a "yes" or "no".                |
| 10:33 | 25 | THE DEFENDANT:  No, ma'am, I have not missed any.             |

1   I have one after court.
2           THE COURT:  Pardon me?
3           THE DEFENDANT:  I have one after court.
4           THE COURT:  Today?
5           THE DEFENDANT:  Yes, ma'am.
6           THE COURT:  But you haven't missed any previous
7   appointments?
8           THE DEFENDANT:  No, ma'am.
9           THE COURT:  Okay.  Are you working?
10          THE DEFENDANT:  Yes, ma'am.
11          THE COURT:  What are you doing?
12          THE DEFENDANT:  I am running a ranch.  Ranch
13  management.
14          THE COURT:  A ranch?
15          THE DEFENDANT:  Yes, ma'am.
16          THE COURT:  Okay.  You can remain on bond with the
17  same conditions of release.  Your lawyer will let you know
18  when it's time for you to come back to court again.
19          Mr. DeGuerin, please let probation know if you
20  want to be present with your client for his interview.
21          Anything else from the United States?
22          MR. MARTIN:  Nothing further, Your Honor.
23          THE COURT:  Anything else from the defense?
24          MR. DeGEURIN:  No, Your Honor.
25          THE COURT:  Thank you.  You're excused.

```
 1                    COURT REPORTER'S CERTIFICATE
 2           I, BRUCE SLAVIN, certify that the foregoing is a
 3    correct transcript from the record of proceedings in the
 4    above entitled matter, to the best of my ability.
 5
 6                                  s/Bruce Slavin
                                    ─────────────────────────
 7                                  BRUCE SLAVIN, RPR, CMR
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```